JOHN HURLY'S EX'OR, APPELLANT, vs. FRANCIS ROCHE, APPELLEE.

1. The failure to join a defendant as joint contractor or partner is only pleadable in abatement, and cannot be taken advantage of as matter of variance at the trial.

2. When an account is presented to a party, according to the recollection of a witness, for over three hundred dollars, which defendant promised to pay, the jury should be instructed to find to the extent of the sum admitted.

Appeal from the Circuit Court for the Western Circuit.

BALTZELL, C. J., delivered the opinion of the court.

This was a suit instituted by plaintiff to recover the

amount of an open account, alleged to be due by defendant Roche to plaintiff's testator.

On the trial, Philip A. Carro was introduced as a witness by the plaintiff. Upon the account which was filed in the case being placed in his hands, he said that he had presented an account to the defendant for payment in favor of John Hurley, dec'd, for something over three hundred dollars, which defendant promised to pay; but he could not say that this was the same piece of paper, or that it contained the same items of charges, or any of them; thinks the account was against Francis Roche & Co., and that the goods were so marked which were sent to defendant.

Whereupon plaintiff's counsel moved the court to instruct the jury, that if the defendant admitted to Carro, witness, that any part of the amount was due, the jury may find for the plaintiff to that extent, without proof of the identical amount sued on; which instruction the court refused to give, but instructed the jury that if they were satisfied that the account submitted in evidence is substantially the same in its items of charges as that presented to defendant by witness, which defendant promised to pay, and are satisfied that the defendant promised to pay any part of the same, then they may find a verdict for so much of such amount as was proved that defendant promised to pay.

Samuel A. Leonard was also introduced as a witness, and said the account sued on was placed in his hands for collection; that he presented the account to defendant, which he promised to pay. The account which he presented was against Francis Roche & Co.

The court charged the jury, that they must, in order to find for plaintiff in this action, be satisfied from the testimony that the account sued on and presented at the trial

is substantially the same in its items of charges as the one presented by witness. The court also charged the jury, that if the account sued on and filed as the cause of action is against Francis Roche, and the account presented to the defendant, and which he promised to pay, was against Francis Roche & Co., there will be a variation between the evidence and the declaration, and plaintiff is not entitled to recover on such evidence. To these instructions, as given, and the refusal to give those asked, exception was taken, and they present the ground of error in this court.

It is conceded by defendant's counsel that there is error, as we are satisfied there was, in the refusal to give the instructions asked for, as well as in the instructions given.

The law is well settled, that the non-joinder of a defendant is pleadable in abatement and may not be objected to at the trial as matter of variance. The instructions asked for, too, we think, should have been given as being founded on obvious principles of law and right.

The judgment will be reversed and set aside and the case remanded for further proceedings not inconsistent with this opinion.